*receipt # LUCO 8407*

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

2016 APR 12 PM 4:27

DEPUTY CLERK_____

| | | |
|---|---|---|
| TIMOTHY GIVENS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | **5-16CV-070-C** |
| BEST BUY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Timothy Givens, Plaintiff, complaining of Best Buy, Defendant, and for cause of action would respectfully show the Court as follows:

1.    Plaintiff is a citizen of the United States and a resident of the State of Texas.

2.    Defendant is a corporation that operates retail businesses throughout the nation under the name of Best Buy. Defendant operates numerous stores within the State of Texas. Defendant may be served with process by service upon its registered agent for service, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

3.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended (hereinafter referred to as "CRA").

4.    This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

5.    Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b).

6.    Plaintiff has satisfied all conditions precedent to initiating this court action.

7.    Plaintiff is a former employee of Defendant. Plaintiff was, at all times relevant to this cause

of action, an eligible employee under the CRA.

8.      Defendant is an employer under the CRA.

9.      Plaintiff worked for Defendant from November 2002 until he was fired on or about July 30, 2015. At the time he was fired, Plaintiff served as a deputy field marshal and earned approximately $55,000.00 per year.

10.     The Defendant has violated the CRA by discriminating against Plaintiff on the basis of his race (African-American). Plaintiff is an African American who suffered an adverse employment in that he was fired by Defendant. Plaintiff's race was a motivating factor for Defendant in making the adverse employment action and Plaintiff was replaced by a non African American. The reason given by Defendant for firing Plaintiff is false was raised by Defendant as a pretext to cover the real reason for the termination, which Plaintiff would show was because of his race.

11.     Plaintiff was discriminated against and ultimately fired because of his race. Plaintiff served Defendant in its West Texas Region. During a significant portion of Plaintiff's time with Defendant, promotions and duties within the West Texas Region were made out of Defendant's Dallas, Texas offices. During this time, there were no African Americans selected to serve in management in the West Texas Area. In 2012, some of the decision making processes for the West Texas Region were made out of Defendant's Arizona offices and it was during this time that Plaintiff was promoted to the management position of deputy field marshal. Plaintiff served as a deputy field marshal from 2012 until he was fired in 2015.

12.     During his time as deputy field marshal, Plaintiff experienced discrimination which ultimately ended with the wrongful termination of his employment in 2015. Among other things, Plaintiff, who was the only black manager to ever serve at Defendant's Lubbock, Texas store during

Plaintiff's tenure with the company, was not paid a salary equal to the salaries paid to non African American managers with equal responsibilities and experience. Additionally, after Plaintiff reported that a white manager had an inappropriate relationship with an employee, the manager sent threatening text messages to Plaintiff and changed his Gtalk pic profile to "Black Face." Plaintiff reported the conduct to human resources but nothing was done to stop the behavior. Sometime in 2014, decision making responsibilities for the West Texas Region were transferred back to the Dallas, Texas offices. After that, in July 2015, Plaintiff was fired upon false pretenses. The decision to fire Plaintiff was made out of the Dallas, Texas offices and was based upon a false claim that Plaintiff had failed to follow company policies notwithstanding the fact that Plaintiff had followed and complied with all of Defendant's policies in the same manner as non African American managers, and notwithstanding the fact that Plaintiff had not previously been disciplined under Defendant's progressive discipline plan. Plaintiff did nothing to provoke the termination of his employment. Plaintiff was qualified to do his job, had done his job consistently throughout the period of his employment and had followed all of the rules of the organization. Plaintiff contends that the allegations upon which Defendant claims it fired Plaintiff are a pretext and that Plaintiff's race was a motivating factor in Defendant's decision to fire Plaintiff.

13.    The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiff harm. As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost wages and benefits, as well as mental anguish and/or other non-economic damages.

14.     Plaintiff is entitled to recover from Defendant the value of the lost wages and lost benefits incurred as a result of Defendant's conduct, as well as non-economic and liquidated/punitive damages, interest on such amount and such other and further equitable relief that the Court deems appropriate, for which claim is hereby made.

15.     Plaintiff is also entitled to recover from Defendant reasonable attorney's fees and other litigation expenses, for which claim is hereby made.

WHEREFORE, Plaintiff prays that Defendant be served with and answer the claims asserted herein and that, on final trial, Plaintiff be awarded judgment against Defendant for actual damages, liquidated/punitive damages, equitable relief, prejudgment and post-judgment interest as allowed by law, attorney's fees, cost of court and such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

JOHNSTON & MILLER
Attorneys at Law
1212 13th Street, Ste. 101
Lubbock, Texas 79401

By: _____
J. Craig Johnston
SBN 00787784

## JURY DEMAND

Plaintiff respectfully requests a Jury Trial.

_____
J. Craig Johnston

−4−

JS 44-TXND (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Timothy Givens | Best Buy |

| **(b)** County of Residence of First Listed Plaintiff  Lubbock | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Craig Johnston, Johnston & Miller, 1212 13th Street, Ste. 101, Lubbok, TX 79401 (806) 785-1499

Attorneys *(If Known)*

5-16CV 070-C

2016 APR 12 PM 4: 26

FOR THE DISTRICT COURT
NORTHERN DIST. OF TX
FILED

DEPUTY CLERK

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | | | ❑ 840 Trademark | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 480 Consumer Credit |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e-5

Brief description of cause:
Discrimination in employment

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  4/12/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # LU00 8467   AMOUNT 400.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___